

**U.S. BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**

# ENTERED

**TAWANA C. MARSHALL, CLERK**
**THE DATE OF ENTRY IS**
**ON THE COURT'S DOCKET**

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed December 19, 2014**

**United States Bankruptcy Judge**

_____

## UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | |
|---|---|
| In re: ) | |
| ) | Case No. 14-34874-BJH-11 |
| COUTURE HOTEL CORPORATION a/k/a ) | Chapter 11 |
| HUGH BLACK-ST MARY ENTERPRISES, ) | |
| INC. ) | Hon. Barbara J. Houser |
| ) | |
| Debtors. | |

### ORDER GRANTING (I) MOTION OF MANSA CAPITAL, LLC FOR EXPEDITED HEARING AND (II) MOTION FOR AUTHORITY TO ISSUE SUBPOENA AND CONDUCT RULE 2004 EXAMINATION OF JOE MILKES

CAME ON FOR CONSIDERATION (I) the Motion of Mansa Capital, LLC for Authority to Issue Subpoena and Conduct Rule 2004 Examination of Joe Milkes (the "2004 Motion") and (II) the Motion of Mansa Capital, LLC for Expedited Hearing with respect thereto (together with the 2004 Motion, the "Motions") filed by Mansa Capital, LLC ("Mansa") pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure in the above-referenced bankruptcy case. The Court having found that due and adequate notice of the Motion was served via the Court's electronic transmission facilities and/ or facsimile transmission and United States First Class Mail all necessary parties and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334, this proceeding is a core proceeding pursuant to 28 U.S.C. § 157 and venue of this proceeding is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409,

IT IS HEREBY ORDERED THAT:

    1.    The Motions are granted as provided herein.

2. Mansa is hereby authorized to issue the Subpoena attached hereto as <u>Exhibit A</u> and Mr. Milkes shall produce the requested documents in the manner and upon the terms set forth in the Rider attached as Exhibit A to the Subpoena.

3. Nothing in this Order shall be construed as the Debtor or Mr. Milkes waiving any objections they may have to specific document requests contained in the subpoena, and the parties, including the Debtor and Mr. Milkes, expressly reserve all rights to assert any objections to the document requests and have them ruled upon by the Court at a later date, if necessary.

4. Mr. Milkes shall appear for an oral examination pursuant to Federal Rule of Bankruptcy Procedure 2004 on or before January 16, 2015 at a time and place to be determined by agreement of the parties.

5. Mansa shall pay for Mr. Milkes' time to attend the 2004 examination. Following the completion of the deposition, Mr. Milkes shall present an invoice to Mansa for payment for Mr. Milkes' time for the period during which he is deposed (at the hourly rates negotiated and agreed upon by Debtor for Mr. Milkes' time for this case).

6. This Court shall jurisdiction with respect to all matters arising from or related to the implementation of this Order.

# # # **END OF ORDER** # # #

Prepared by:

*/s/ Charles S. Kelley*
Charles S. Kelley
Texas State Bar. No. 111999580
MAYER BROW LLP
700 Louisiana Street, Suite 3400
Houston, Texas 77002-2730
(713) 238-3000 – Telephone
(713) 238-4625 – Facsimile
Email: ckelley@mayerbrown.com

**COUNSEL FOR MANSA CAPITAL, LLC**

APPROVED AS TO FORM:

/s/ Jason P. Kathman
Gerrit M. Pronske
State Bar No. 16351640
Jason P. Kathman
State Bar No. 24070036
PRONSKE GOOLSBY & KATHMAN, P.C.
2200 Ross Avenue, Suite 5350
Dallas, Texas 75201
(214) 658-6500 – Telephone
(214) 658-6509 – Telecopier
Email: gpronske@pgkpc.com
Email: jkathman@pgkpc.com

**COUNSEL FOR THE DEBTOR
AND DEBTOR IN POSSESSION**

B254 (Form 254 – Subpoena for Rule 2004 Examination) (12/13)

# UNITED STATES BANKRUPTCY COURT

_____Northern_____ District of _____Texas_____

In re Couture Hotel Corporation
              Debtor

Case No. 14-34874-BJH-11

Chapter 11

## SUBPOENA FOR RULE 2004 EXAMINATION

To: Joe W. Milkes, Milkes Realty Valuation, 5430 Glen Lakes Dr # 116, Dallas, Texas 75231-0938
*(Name of person to whom the subpoena is directed)*

[X] *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure. A copy of the court order authorizing the examination is attached.

| PLACE Pronske Goolsby & Kathman, P.C.<br>2200 Ross Avenue, Suite 5350<br>Dallas, TX 75201 | DATE AND TIME<br>January 14, 2015<br>10:00 a.m. |
|---|---|

The examination will be recorded by this method: Stenographer and/or Videographer

[X] *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

See attached Rider A. The documents identified in Rider A are to be produced as directed therein.

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: December 18, 2014

CLERK OF COURT

OR

_____
*Signature of Clerk or Deputy Clerk*

_____
*Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
Mansa Capital, LLC , who issues or requests this subpoena, are:
Joshua M. Grenard (Email: JGrenard@mayerbrown.com; Tel: 312-701-8266)
Mayer Brown LLP, 700 Louisiana Street, Suite 3400, Houston, Texas 77002

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

B254 (Form 254 – Subpoena for Rule 2004 Examination) (12/13) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

[X] I served the subpoena by delivering a copy to the named person as follows: Per Mr. Milkes' authorization, service was accepted by Debtor's Counsel, Jason P. Kathman, Pronske Goolsby & Kathman, P.C., 2200 Ross Avenue, Dallas, TX 75201      on *(date)* December 18, 2014 ; or

[ ] I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true and correct.

Date: 12/18/14

*Server's signature*

Joshua M. Grenard, Counsel to Mansa Capital, LLC

*Printed name and title*

Mayer Brown LLP,
700 Louisiana Street
Houston, Texas 77002

*Server's address*

Additional information concerning attempted service, etc.:

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or
(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

...

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## EXHIBIT A - RIDER TO SUBPOENA

### DEFINITIONS

1. "Communication" and "communications" includes, without limitation, communications transmitted (i.e., whether oral, written, electronic or other methods are used), as well as any note, memorandum, or other record thereof.

2. "Dallas Hotel" means that certain real property located at 2645 Lyndon B Johnson Freeway, Dallas, Texas 75234.

3. "Debtor" means Couture Hotel Corporation (a/k/a Hugh Black-St Mary Enterprises, Inc.), and each of its respective affiliates, attorneys, accountants, divisions, subdivisions, predecessors, directors or members, officers, employees, managers, servicers, agents, representatives and all persons acting or purporting to act on its behalf (or on behalf of direct or indirect investors in the Debtor).

4. "Document" or "documents" refers to all types of recorded information or date, all written or graphic matter, drafts, originals, and non-conforming copies which contain deletions, insertions, handwritten notes or comments, however produced or reproduced, and any other tangible permanent records, including by way of illustration, but not limitation, all letters, correspondence, medical records, insurance agreements, commission agreements, memoranda, notes, telegrams, summaries, transcripts, telephone logs and records, teletypes, bank checks, bank deposits and withdrawal slips, bank credit and debit memoranda, bank drafts, bank statements, telexes, private wire messages, communications, e-mail messages, desk calendars, diaries, appointment books, agenda, meetings, conversations, schedules, reports, studies, appraisals, analyses, lists, surveys, budgets, financial statements, financial and other projections and calculations, contracts, worksheets, promissory notes, other legal instruments evidencing

indebtedness, earnest money contracts, agreements or proposed agreements, confidentiality agreements, notices of wire transfers for funds or other notices, cancelled checks, periodicals, graphs, interviews, speeches, transcripts, depositions, press releases, brochures, books of account, affidavits, communications with government bodies, invoices, notes and minutes of meetings (including, without limitation, meetings of boards of directors, audit committees, financial committees, executive committees and any meetings of any employees), interoffice communications, results of investigations, working papers, newspaper and magazine articles, records of payments, releases, receipts, computer programs, maps, listings, tax returns, vouchers, power of attorney, paper similar to any of the foregoing and other writings of every kind and description (whether or not actually used) and any other records or voice recordings, film, tapes, and other data compilations from which information can be obtained. "Documents" include all forms of the foregoing, whether in hard copy or electronic form.

5. "Relating to" or "concerning" means in connection with, referring to, pertaining to, commenting on, containing, describing, reflecting, regarding, illustrating, mentioning, evidencing, embodying, constituting, supporting, discussing, comprising, summarizing, analyzing or having any logical or factual connection whatsoever with the subject matter in question.

6. "You" and "Your" means Joe W. Milkes and/or Milkes Realty Valuation.

### INSTRUCTIONS

1. Each request is to be read, construed and responded to separately and independently without reference to or being limited by any other request.

2. The terms "and" and "or" are to be construed either disjunctively or conjunctively, whichever is appropriate, so as to give the request its most expansive meaning.

3.   The term "any" should be understood in either its most or least inclusive sense as will bring within the scope of the request all responses that might otherwise be construed to be out of its scope.

4.   The singular form of a word is to be interpreted as plural and the plural form of a word shall be interpreted as singular, whichever is appropriate, so as to give the request its most expansive meaning.

5.   If in answering these requests, you claim any ambiguity in interpreting the request or any definition or instruction, that claim shall not be used as a basis for refusing to respond, but you shall set forth as part of the response the language deemed to be ambiguous and the interpretation chosen or used in responding to the request.

6.   Mansa reserves the right to pose additional requests for production of documents.

**[Remainder of Page Left Intentionally Blank; See Next Page for Specific Requests]**

## REQUESTS FOR PRODUCTION OF DOCUMENTS

Please produce the following documents at Pronske Goolsby & Kathman, P.C., 2200 Ross Avenue, Suite 5350, Dallas, TX 75201 for electronic transmission to counsel for Mansa, Mayer Brown LLP:

1. All documents (whether in final or draft format) evidencing, comprising all or a portion of, or in any way relating to or used in connection with Your appraisal/valuation of the Dallas Hotel, including, without limitation, (a) any documents or other information upon which You relied in conducting any such appraisal/valuation and (b) all reports, opinions, workpapers, or similar documents You prepared in connection with such appraisal/valuation of the Dallas Hotel.

2. All documents and communications concerning any information furnished or in any way supplied by the Debtor (or from any officers, directors, employees, members, attorneys, agents, financial advisors, or other representatives of the Debtor) with respect to Your appraisal/valuation of the Dallas Hotel, including, without limitation, any communication in which any data, inputs, values or assumptions to be used in connection with Your appraisal/valuation were discussed.

3. To the extent not produced pursuant to Request Nos. 1 and 2, all documents and communications related to or concerning your retention to appraise or conduct any valuation regarding the Dallas Hotel.

4. The curriculum vitae and resume for each member of Milkes Realty Valuation that has provided any appraisal/valuation services in connection with or related to the Dallas Hotel, including but not limited to, Joe W. Milkes.

5. All work papers, analyses, photos, computations or work you generated in analyzing and or reaching any opinions regarding the Dallas hotel of the Debtor.

6. All data and information you gathered, considered or reviewed in reaching your conclusions or performing your analyses of the Dallas hotel.

7. Your file(s) regarding the Dallas Hotel and your work related thereto.

8. All drafts, summaries, memorandum, reports are correspondence setting forth your conclusions regarding the Dallas hotel.

The aforementioned documents shall be produced as follows:

(A) All non-email documents related to the work performed by Mr. Milkes for the Debtor shall be produced to counsel for Mansa immediately, but in any event, ***not later than Tuesday, December 23, 2014***.

(B) All email communications and documents to and from Mr. Milkes and/or his assistant regarding his work for the Debtor, including emails to and from Debtor's counsel, shall be produced to counsel for Mansa immediately, but in any event ***not later than Monday, January 5, 2015***.

5